IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH EDWARD MCCLAIN, III** | § | |
| | § | |
| **V.** | § | **1:18-CV-810-LY-AWA** |
| | § | |
| **KEN PAXTON, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court is Joseph Edward McClain's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing McClain's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** McClain *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). McClain is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in McClain's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. ANALYSIS

Because McClain has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

McClain has filed this civil rights lawsuit against Texas Attorney General Ken Paxton; Assistant Attorney General Demetris Anastasiadis; Judge Amy Meachum; Blake Hawthorne, Clerk of the Texas Supreme Court and the State of Texas, and Deborah Woltersdork, Office of the Attorney General. As best as the Court can determine, McClain claims that the Defendants violated his civil rights under 42 U.S.C. § 1983 in regard to state civil court proceedings. He also brings a number of criminal claims.

First, Plaintiff's criminal claims cannot proceed because a private party has no right to enforce federal criminal statues. *Bass Angler Sportsman Soc'y v. United States Steel Corp.*, 324 F. Supp. 412, 415 (D. Ala.), *aff'd* 447 F.2d 1304 (5th Cir. 1971). Therefore, Plaintiff seeks relief that this Court cannot provide and the claims he brings under 18 U.S.C. §§ 2511, 2384, 1510, 1509, 1506, 1362, 1346, 1345, 1343, 1621, 1622, 1028, 1002, 1001, 645, 641, and 242 must be dismissed.

Additionally, it is also well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within her jurisdiction. *Pierson v. Ray,* 386 U.S. 547 (1967). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Id.* at 553-54. "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose

3

interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* at 554 (internal quotations and citations omitted). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, McClain does not complain of any actions taken by Judge Meachum that were nonjudicial in nature nor does he show that she was acting in the clear absence of all jurisdiction. Accordingly, Judge Meachum is entitled to absolute judicial immunity. *Boyd*, 31 F.3d at 285. Additionally, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001). Nowhere in McClain's Complaint does he complain of actions by Blake Hawthorne that were not under a court order or at a judge's discretion. Therefore, Hawthorne is entitled to immunity as well.

4

McClain also alleges a due process claim under the Fourteenth Amendment. The Fourteenth Amendment provides that no state shall deprive a person of life, liberty, or property without due process of law nor deny any person within its jurisdiction the equal protection of the laws. U.S. CONST. amend. XIV, § 1. To state a cause of action under § 1983 for violation of the Due Process Clause, a plaintiff "must show that they have asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (citations omitted), *cert. denied*, 498 U.S. 1040 (1991). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). McClain vaguely alleges that several of the defendants inappropriately interfered in his state civil court proceedings, but even liberally construing the Complaint in favor of the Plaintiff, the Court is unable to discern what, if any, property interest, the Plaintiff was deprived of. In other words, the Plaintiff has failed to plead enough factual content that would allow the Court to draw the reasonable inference that the remaining defendants are liable for the misconduct alleged, or that it rises to the level of a constitutional violation.

Finally, McClain lists a claim under 29 U.S.C. § 104. However, McClain does not articulate how this statute is relevant given that it deals with labor relations and lists specific acts that are not subject to restraining orders or injunctions. Therefore, given the discussion above, the Court has conducted a review of the claims made in McClain's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e).

5

## III. VEXATIOUS FILINGS

Additionally, in the past year, McClain has filed several frivolous cases in the Austin Division of the Western District of Texas. *See McClain v. Cayce*, 1:18-CV-00706-LY, *McClain v. Durbin*, 1:18-CV-00708-LY, and *McClain v. Burgess*, 1:18-CV-00763-RP. Given McClain's history of filing frivolous cases in this Court, the undersigned both:

> (1) **WARNS** McClain that if he files any additional suit that is later found to be subject to dismissal as frivolous, he may be subject to the imposition of a sanction, including either a monetary assessment, a bar to filing future suits, or both; and
>
> (2) **RECOMMENDS** that the district court, at a minimum, similarly warn McClain, and further, consider whether to require McClain to **SHOW CAUSE** why he should not be so sanctioned at this time, given the 4 lawsuits he has filed in the past year.

## IV. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** McClain *in forma pauperis* status (Dkt. No. 2). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** McClain's lawsuit with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENY AS MOOT** McClain's Motions for Injunctive Relief (Dkt. Nos. 3 and 4), and Motion for Permission to File Electronically (Dkt. No. 5).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE